UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00448

**Derik W. Harris,**
*Plaintiff,*

v.

**Gregg County Jail et al.,**
*Defendants.*

# ORDER

Plaintiff Derik Harris, proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love under 28 U.S.C. § 636(b).

On December 6, 2021, the magistrate judge issued a report recommending that plaintiff's case be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b) for failure to state a claim upon which relief can be granted. Doc. 6. Plaintiff filed a written objection to the report. Doc. 10.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal because the plaintiff does not allege any facts that would establish any violation of his constitutional rights in connection with a slip-and-fall accident while cleaning a jail cell or an allegedly improper remark by jail staff. Doc. 6 at 4–6. Review of the complaint confirms that assessment. Doc. 1.

The plaintiff addresses only the slip-and-fall accident in his objection. Doc. 10. He repeats his argument that the actions and inactions of jail staff who required him to clean the cell led to his accident. But even gross negligence by jailers does not amount to a constitutional violation. *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996). The plaintiff argues that a jailer "[k]new that that cell was

nasty" and "[k]new the risk" of rushing to clean it while another inmate occupied it and that the jailer "didn't think" about the potential consequences. Doc. 10 at 1. Even accepting those facts as true, however, they do not establish that the defendants had and ignored actual knowledge of a "substantial risk of serious harm" from simply cleaning a jail cell, as required to state a claim for deliberate indifference under the constitution. *Hare*, 74 F.3d at 650.

The plaintiff also asserts that the staff's actions violated policy and, therefore, violated his right to due process. But, as the magistrate judge observed, violation of jail rules or regulations does not amount to a violation of an inmate's constitutional rights. According to the Fifth Circuit, "[o]ur case law is clear . . . that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *see also Schwarzer v. Wainwright*, No. 19-41011, 2021 WL 6060002, at *1 (5th Cir. Dec. 17, 2021) (affirming dismissal of due process claim premised on defendants' alleged failure to follow prison rules).

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. This case is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(b).

*So ordered by the court on January 13, 2022.*

J. CAMPBELL BARKER
United States District Judge